## PROCEEDINGS FOR SATISFACTION OF A JUDGMENT OBTAINED ON CROSS-PETITION.

Circuit Court for Lucas County.

SAMUEL C. SWIGERD ET AL v. FRED W. DECK.

Decided, March 23, 1912.

*Appeal from a Magistrate—Effect of Failure of Plaintiff to File a Petition—Finding by a Court Equivalent to a Personal Judgment, When —Homestead.*

1. Where the only thing sought by a cross-petitioner is a personal judgment, and the court finds the allegations of the cross-petition to be true and determines that the defendant should recover from the plaintiff a specified sum on his cross-petition with interest and costs, the entry will be construed to be a personal judgment.
2. It is the duty of a plaintiff whose case has been appealed from a justice of the peace to file a petition setting forth his claim, and where he fails so to do and permits final judgment to be entered upon the claim set forth in the cross-petition, it is too late for the plaintiff to set up his claim in an action thereafter brought to enforce payment of the judgment entered upon the cross-petition.
3. The claim can not be maintained that property which it is sought to subject to payment of a debt is a family homestead, where it appears that the debtor and his family have not occupied the property for three or four years and during a portion of that time a contract was in existence wherein they agreed to sell the premises.

*Kohn, Northup & Morgan,* for plaintiffs in error.
*Eugene Rheinfrank,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Court of Common Pleas of Lucas County.

In the court of common pleas, Fred W. Deck sued for the purpose of enforcing the payment of a judgment rendered in his favor in that court against Samuel S. Swigerd, the object of the action being to compel the sale of a house and lot and the adjustment of liens thereon.

The answer of Samuel S. Swigerd denied the allegation of the petition that Deck had obtained a judgment against him and set up by way of cross-petition a claim against Deck. The case

was tried to the court and resulted in a finding and decree in favor of Deck, and to that finding and judgment this proceeding in error is prosecuted.

It appears from the record that Swigerd had sued Deck before a justice of the peace upon an account, and that Deck had filed a claim by way of set-off which, on trial to a jury in the justice court, resulted in a verdict in favor of Swigerd for a small sum.   Deck appealed from the judgment rendered in the justice's court, the transcript and papers being filed and the case docketed in common pleas court on March 11, 1908.   Swigerd filed no petition in the court of common pleas and upon May 21, 1909, Deck filed, no leave of court first being granted so to do, a cross-petition setting up the claim which he had theretofore filed before the justice of the peace. No pleading was filed by Swigerd and the case was submitted to the court of common pleas and a judgment rendered by default in favor of Deck and against Swigerd on June 14, 1909; the journal entry reciting that the same was heard upon evidence.

The first contention of the plaintiff in error in this case is that the finding of the court, as entered in the court of common pleas, is not in fact a judgment.   The entire entry, omitting the title of the case, is as follows:

"This day this cause coming on to be heard upon the cross-petition of the defendant, Fred W. Deck, and the evidence, and the plaintiff being in default for answer or appearance, the court does find that the allegations of said cross-petition are true and the defendant should recover from the plaintiff thereon the sum of $161.67 together with interest from the first day of this term of court and costs."

It is insisted that the court only found the amount which the plaintiff should recover, and did not, in fact, enter judgment upon such finding.   Authorities are cited which hold under language somewhat similar to that of the above finding, that the language did not amount to a judgment, but they were cases in which equitable relief was demanded by way of foreclosure of mortgage or otherwise, and that fact aided in construing the language used, and would in such cases justify a conclusion that the only effect was to make a finding of the amount which should

be a lien upon the premises. In this case, however, nothing was sought in the pleadings except a personal judgment, and the court clearly finds the allegations of the cross-petition to be true, and determines that the defendant should recover from the plaintiff, the amount of $161.67. We hold in this kind of a case the language amounts to the rendition of a judgment.

It is further urged by counsel for plaintiff in error that the court of common pleas erred in rejecting evidence. Under the statutes of this state, it was the duty of Swigerd, when his case, which had been tried before a justice of the peace, was appealed, to file a petition setting forth his claim. Having omitted to do so and having allowed final judgment to be entered upon the claim set forth in the cross-petition of Deck, it was too late to set up his claim in the action thereafter brought by Deck to enforce the collection of the judgment rendered in his favor, and we therefore find no error in the rulings of the court of common pleas in the rejection of evidence relating to such claim.

The premises sought to be subjected were claimed by Maude Swigerd, the wife of Samuel S. Swigerd, as a family homestead. The evidence showed that she and her husband had not lived upon the property for some three or four years, and that there had been, during a portion of that time, a contract in existence by which they agreed to sell the premises, and that the premises were worth the sum of $1,650.

We think the court of common pleas was justified in finding that the homestead had not been abandoned for a temporary purpose, and that she was not entitled to hold the same as a homestead. The property being of the value stated, it would seem apparent that, in any event, Deck would be entitled to an order for the sale of the premises, and that the mortgage lien should be satisfied therefrom in order that it might be ascertained whether a balance would be left applicable to the payment of this judgment.

Finding no prejudicial error, the judgment of the court of common pleas will be affirmed.